BOGGS, Judge,
concurring specially.
I agree with the majority that the State failed to obtain consent for the recording and for the divulging of the recorded conversation “by order of a judge of a superior court upon written application” as required by OCGA § 16-11-66 (b). But I write separately to note that the interception of the conversation by the police may have been permissible pursuant to OCGA § 16-11-66 (a). This subsection provides: “Nothing in Code Section 16-11-62 shall prohibit a person from intercepting a wire, oral, or electronic communication where ... one of the parties to the communication has given prior consent to such interception.” The record contains some evidence that C. S. and her mother did, in fact, consent to police listening in on C. S.’s conversation with London, which took place while her phone was placed in speaker phone mode. Had the officers desired to provide testimony regarding what they overheard, they would not have been prohibited from doing so by OCGA § 16-11-66 (b). The court order requirement applies only to the recording and the divulging of the recording itself (or “recording and dissemination”) as is made evident by OCGA § *339 16-11-66 (c) (judge must make findings regarding the child’s understanding that the conversation is to be recorded and a true and correct copy of the recording shall be returned to the superior court judge to keep under seal). Here, the State opted to play the DVD recording of the call and provide the jury with a transcribed version of the call, rather than elicit the investigator’s testimony as to what he overheard London say during the call. The investigator explained only that the DVD truly and accurately depicted the conversation.
Decided July 16, 2015.
Bentley C. Adams III, for appellant.
Julia F. Slater, District Attorney, Robert B. Bicker staff II, Michael E. Craig, Assistant District Attorneys, for appellee.
While I agree that a court order was required for the playing of the recording, I believe it is important to note that a court order would not be required had the State chosen instead to elicit testimony about what the investigator overheard during the interception. Because it chose to play the recording, we are constrained to reverse the conviction.